**In re Evis M. SUAREZ, Debtor.**

**Evis M. SUAREZ, Plaintiff,**

v.

**TWIN JAY CHAMBERS PARTNERSHIP,**
**Defendant.**

**Bankruptcy No. 88–4713–8P1.**
**Adv. No. 88–543.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 2, 1989.

Thomas C. Little, Clearwater, Fla., for debtor/plaintiff.

William Zewadski, Tampa, Fla., for defendant.

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER, MOTION TO INTERVENE AND MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon a Motion for Temporary Restraining Order filed by Evis M. Suarez, the Debtor/Plaintiff in the above-captioned adversary proceeding. The Debtor seeks an Order from this Court temporarily enjoining the Defendant, Twin Jay Chambers Partnership from proceeding with a foreclosure sale of the Debtor's only asset, real proper-

**60**

ty known as Travatine Island, which sale was scheduled for December 30, 1988. In opposition to the Motion for Temporary Restraining Order, the Defendant filed a Motion to Dismiss the Complaint on the grounds that the Complaint was improperly served on the Defendant, and that it failed to state a cause of action for which relief could be granted. Also under consideration is a Motion to Intervene in this adversary proceeding filed by R. Bruce McLaughlin, chairman of the unsecured creditors committee who seeks to join in this proceeding to prevent the sale of the real property of the Debtor. The Court has considered the Motions, together with the record and inasmuch as the foreclosure sale has been cancelled and has not been rescheduled, this Court is satisfied that the Motion for Temporary Restraining Order should be denied as moot. As to the Defendant's Motion to Dismiss the Complaint for Injunctive Relief, this Court is satisfied that it should be denied for the following reasons:

■■■ Twin Jay's Motion to Dismiss is based on two contentions: First, Twin Jays argues that the Complaint should be dismissed because it was not properly served upon Twin Jays. As to this contention, this Court is satisfied that it is not well taken, and the Motion to Dismiss cannot be sustained on this basis alone. A complaint which seeks to issue a temporary restraining order may be filed without notice to anyone if the complaint, which is verified, or the affidavit sets forth what is required by F.R.C.P. 65. As to the second contention upon which the Motion to Dismiss is based, it appears that Twin Jays alleges that the Complaint fails to state a cause of action for injunctive relief. Inasmuch as argument on this contention was not brought out at the emergency hearing for the temporary restraining order, this Court is satisfied that it should defer ruling on the Motion to Dismiss Complaint and set the Motion to Dismiss Complaint on this basis for hearing. As to the Motion to Intervene filed by R. Bruce McLaughlin on behalf of the unsecured creditors committee, this Court is also satisfied that this should be reset for hearing on the issue of

whether or not the creditors committee has standing to intervene in this adversary proceeding.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Temporary Restraining Order be, and the same is hereby, denied as moot. It is further

ORDERED, ADJUDGED AND DECREED that a hearing on this Motion to Dismiss Complaint for Injunctive Relief and the creditors committee's Motion to Intervene be, and the same are hereby rescheduled to March 14, 1989, at 11:00 a.m., 1989.

DONE AND ORDERED.